IN RE INTEREST OF KIANA T., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLANT, V.
MARY M. MORAN, GUARDIAN AD LITEM, ON BEHALF OF
KIANA T., APPELLANT, STEVEN T., APPELLEE AND
CROSS-APPELLEE, AND CHARLOTTE T., APPELLEE.

628 N.W.2d 242

Filed June 22, 2001.   No. S-00-1173.

Mary M. Moran, of Threem Law Office, guardian ad litem for appellant Kiana T.

James S. Jansen, Douglas County Attorney, and Kim B. Hawekotte for appellee State.

Betty L. Egan and George B. Achola, of Walentine, O'Toole, McQuillan & Gordon, for appellee Steve T.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This case involves a dependency proceeding in the separate juvenile court of Douglas County involving the minor child, Kiana T., and her mother, Charlotte T., under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1998). The juvenile court ruled that Kiana was within § 43-247(3)(a), as Charlotte pled to the allegations of her use of controlled substances. The juvenile court also ruled that Kiana was to be detained in the temporary care of the Nebraska Department of Health and Human Services and granted supervised visits to Charlotte and also ordered visitation to the alleged father, Steven T. Charlotte has not appealed. Kiana, through Mary M. Moran, her guardian ad litem (GAL), appeals, and the Douglas County Attorney cross-appeals against Steven. This court removed this case from the Nebraska Court of Appeals under its power to regulate the caseloads of this court and the Court of Appeals.

## BACKGROUND

Kiana tested positive for cocaine shortly after her birth, and the issue below was whether she fell within the meaning of § 43-247(3)(a). The juvenile court found that Kiana did fall within § 43-247(3)(a). However, a separate issue arose during these proceedings regarding the alleged natural father, Steven, and whether he should be allowed to intervene.

During the detention hearing, Charlotte's attorney pointed out to the juvenile court that the "natural father [was] also present" and that it was her understanding that "he would like to be a party to this petition." The juvenile court asked if the statements made by counsel were correct, and Steven answered, "Yes, Your Honor." The juvenile court proceeded to tell Steven to fill out a financial affidavit to determine if Steven qualified for a court-appointed attorney. The juvenile court assigned a public defender to Steven. During the adjudication hearing, an attorney appeared as counsel for Steven. During the disposition hearing, the same attorney appeared on behalf of Steven, stating that Steven was "an intervenor in this matter."

The GAL expressed concerns with regard to the paternity issue of the "intervening" alleged father. The GAL was recommending that termination be pursued with respect to Charlotte's parental rights. The GAL said that although Steven intervened in this action, he has not filed a paternity action nor has there been a determination of his paternity. The GAL requested there be some genetic testing to determine whether Steven was Kiana's father. Steven's name is not on the birth certificate, and although Charlotte has held out Steven to be the father, Charlotte's attorney believed that Charlotte had not completed an affidavit of identity. The GAL report to the court and the medical records and documentation at the University of Nebraska Medical Center's birth certification center indicate that Steven refused to sign any papers at the time of Kiana's birth. The report also states that there was no intent to claim paternity on file with the birth registry and that Steven has not produced any "clothes, money or similar materials" to the case manager for Kiana.

The juvenile court stated that "in terms of his [Steven's] participation at this stage of the proceedings, I've always taken the position that if both parents admit that they're — that the father is the father, the alleged father is the father, then I consider that a judicial admission and I allow participation." The juvenile court's October 12, 2000, order states that Steven shall (1) have reasonable rights of supervised visitation with the child as arranged by the Nebraska Department of Health and Human Services, (2) complete an affidavit of paternity through the Bureau of Vital Statistics within 1 month, (3) maintain safe and

adequate housing for himself, and (4) maintain a legal source of income. There is nothing in the record to indicate that Steven has completed an affidavit of paternity.

## ASSIGNMENTS OF ERROR

The GAL assigns that the juvenile court erred in (1) denying Kiana due process in regard to Steven's assertion of paternity; (2) determining that Steven is the "father" of Kiana via "judicial admissions" because the assertions of Steven's attorney and the comments and speculations of the parties and counsel in the courtroom, within one hearing or as accumulated over a series of hearings, are insufficient as a judicial method or as evidence to establish paternity as permitted under statutes; (3) exercising jurisdiction over Steven as Steven had no legal standing as Kiana's parent, as Kiana's custodial parent, as a party to the original proceedings, or as an intervenor in the action; and (4) issuing an order which included an award of visitation to Steven absent his intervention into the case as permitted under statutes and/or fundamentally fair procedure, a method and sufficient evidence to support a paternity determination under the statutes.

The Douglas County Attorney cross-appeals, assigning that the juvenile court erred in (1) allowing Steven to intervene absent his proving to the court that he has a legal interest in Kiana, (2) allowing Steven to intervene without following the required statutory procedures necessary to intervene in a court proceeding, and (3) making the judicial determination that Steven was the natural father of Kiana. The Douglas County Attorney further assigns that the decision was contrary to the great weight of the evidence and was an abuse of discretion and that the decision was contrary to law.

## STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and the appellate court is required to reach a conclusion independent of the juvenile court's findings; however, when the evidence is in conflict, the appellate court will consider and give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over another. *In re Interest of Lisa W. & Samantha W.*, 258 Neb. 914, 606 N.W.2d 804 (2000); *In re*

64

*Interest of Clifford M. et al.*, 258 Neb. 800, 606 N.W.2d 743 (2000); *In re Interest of Natasha H. & Sierra H.*, 258 Neb. 131, 602 N.W.2d 439 (1999).

## ANALYSIS

The GAL argues that the juvenile court denied Kiana her due process rights in regard to Steven's assertion of paternity because Kiana did not receive a full and fair hearing on the paternity question prior to the court's permitting Steven to have supervised visitation. The GAL contends there was no reason for anyone to anticipate that the issue of paternity was going to be considered or determined. The GAL maintains the juvenile court's paternity determination was based on nothing more than the unsworn statements of the parties and counsel. The GAL also argues the procedure for determining paternity set out in the paternity statutes Neb. Rev. Stat. §§ 43-1408.01 through 43-1418 (Reissue 1998 & Cum. Supp. 2000) was not followed. The GAL concludes that if paternity was not properly established, then the juvenile court was without authority to order visitation and Steven lacks standing as a parent, a party, and an intervenor.

Both the GAL and the Douglas County Attorney argue that the juvenile court erred in allowing Steven to intervene because Steven did not follow the proper procedures as set out in Neb. Rev. Stat. §§ 25-328 through 25-330 (Reissue 1995).

Sections 25-328 through 25-330 encompass the procedures an individual must follow in order to intervene in a matter in litigation. Section 25-328 states:

Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences.

■ Section 25-330 states:

The *intervention shall be by petition*, which must set forth the facts on which the intervention rests, and all the pleadings therein shall be governed by the same rules as obtain in regard to other pleadings provided for by this code. If such petition is filed during term, the court shall direct the time in which answers thereto shall be filed.

(Emphasis supplied.)

Steven's claimed interest in this matter is that he is the natural father of Kiana. Therefore, he wanted to be a party to the proceedings in juvenile court. The juvenile court, relying on the unsworn statements of Steven and one of the attorneys, allowed Steven to participate in these proceedings.

We determine the juvenile court erred in allowing Steven to participate in the proceedings without properly intervening in the matter in litigation. Section 25-330 requires that intervention shall be by petition. An individual, such as Steven, must follow the proper procedures in order to intervene in a matter in litigation in which he or she claims an interest. One of the purposes of requiring a petition to intervene is that the petition will frame the issues and interests regarding the intervening party. In this case, Steven could have pled sufficient facts to establish that he is the father of Kiana and then tried to prove them. However, Steven never framed the issues or his interest by filing a petition for intervention. As such, we determine that Steven was not and has never been a proper party to these proceedings.

■ In addition, at oral argument, all of the parties and Steven agreed that a paternity petition and subsequent hearing were still required in this case. However, none of the parties had taken it upon themselves to file a petition for paternity in this case. Section 43-1411 states in pertinent part:

A *civil proceeding to establish the paternity of a child may be instituted,* in the court of the district where the child is domiciled or found or, for cases under the Uniform Interstate Family Support Act, where the alleged father is domiciled, *by (1) the mother or the alleged father* of such child, either during pregnancy or within four years after the child's birth . . . *or (2) the guardian or next friend of such*

*child or the state*, either during pregnancy or within eighteen years after the child's birth.

(Emphasis supplied.)

Having determined that Steven did not properly intervene in these proceedings, we do not need to address the GAL's or the Douglas County Attorney's remaining assignments of error.

## CONCLUSION

We hold the juvenile court erred in allowing Steven to participate in these proceedings without properly intervening under § 25-330. Steven was never a party to this case because he did not properly intervene. Therefore, any references, directions to, or rights conferred to Steven, including visitation, in the October 12, 2000, order, are vacated. The remaining sections of the October 12 order concerning Charlotte are affirmed.

AFFIRMED IN PART, AND IN PART VACATED.