IN RE INTEREST OF ANTHONY R. ET AL.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. TAMMY R.,
APPELLANT, AND DAVID A., APPELLEE.
651 N.W.2d 231

Filed September 27, 2002.   No. S-01-1252.

Craig H. Borlin for appellant.

James S. Jansen, Douglas County Attorney, and Kim B. Hawekotte for appellee State of Nebraska.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Significant amendments to the Nebraska Juvenile Code were effected by the enactment of 1998 Neb. Laws, L.B. 1041. One of these amendments, codified at Neb. Rev. Stat. § 43-292.02 (Reissue 1998), requires the State to file a petition to terminate parental rights in the case of a juvenile who has been in foster care under the responsibility of the State for 15 or more months of the most recent 22 months, unless a court determines that the case falls within one of the exceptions specified in the statute. Following an evidentiary hearing, the separate juvenile court of Douglas County determined that Anthony R., Tamarrah R., and David A., Jr., all of whom had previously been adjudicated under Neb. Rev. Stat. § 43-247(3) (Reissue 1998), had been in

out-of-home placement for the requisite period and that the facts did not fall within any of the statutory exceptions. The court therefore ordered that the matter be referred to the State for the filing of a motion to terminate parental rights. Tammy R., the mother of the three children, seeks appellate review of that order. We conclude that the order is not final and appealable and, therefore, dismiss the appeal for lack of jurisdiction.

## FACTS

On November 16, 1999, the State filed an amended petition for adjudication in the separate juvenile court of Douglas County. The amended petition alleged that all three children lacked proper parental care by reason of the faults or habits of their mother and that two of the children lacked proper parental care by reason of the faults or habits of the mother's boyfriend with whom she and the children resided. Specifically, the amended petition alleged, inter alia, that the mother had subjected Anthony to inappropriate physical discipline and that both the mother and her boyfriend had subjected Anthony to inappropriate sexual contact. The State also alleged that the mother and her boyfriend engaged in domestic violence in the presence of the children, placing them at risk for harm. After a trial, the juvenile court adjudicated all three children to be within the meaning of § 43-247(3)(a) and ordered that the children remain in the temporary custody of the Nebraska Department of Health and Human Services (DHHS).

After conducting a dispositional/permanency planning hearing with respect to the three children on August 18, 2000, the juvenile court adopted the proffered DHHS case plan and determined that the permanency objective was reunification with the mother. The court further determined, however, that for health and safety reasons, it was in the children's best interests to remain in the temporary custody of DHHS. On August 28, 2000, the juvenile court issued an order nunc pro tunc correcting an error that was made in its previous adjudication order. The mother perfected an appeal from this order which, on the mother's motion, was dismissed before submission.

On May 4, 2001, the juvenile court held another review and permanency hearing regarding the three children. At this hearing, the court received several exhibits, including a case plan and

court report prepared by Kelli Mitchell, the DHHS child protection and safety worker assigned to the case. The case plan recommended that the mother participate in, inter alia, a sex offender/victimization program and a specialized parenting therapy program. The case plan also recommended that the court find an exception to the termination requirement of § 43-292.02 on the ground that the mother had "not had ample opportunity to resolve the conditions that brought the case to Court." The court accepted the recommendations of the case plan and found that a "compelling reason" existed pursuant to § 43-292.02(3)(b) not to refer the matter to the State for the filing of a motion to terminate the mother's parental rights. The court also found that reasonable efforts had been made to reunify the children with their mother; that due to safety concerns, visitation should be suspended until the mother achieved progress in her prescribed therapeutic program; and that temporary custody of the children should remain with DHHS. Finally, the court ordered the mother to participate in and successfully complete the programs referenced in the case plan.

On October 12, 2001, another review hearing was held. The State offered several exhibits, one of which was an updated case plan and court report created by Mitchell. The updated plan recommended a primary permanency objective of reunification with the mother and an alternative plan of adoption. The case plan again recommended that the court find an exception to the § 43-292.02(1) termination filing requirement because the mother "has not had adequate time to participate in services that may correct the conditions adjudicated." Both the State and the guardian ad litem disagreed with the case plan's recommendation that an exception or "compelling reason" be found. The State and the guardian ad litem argued that the children had been in out-of-home placement for over 2 years, that the mother continued to maintain that she had not abused the children, and that the mother had not taken reasonable steps to complete her therapy.

In an order filed October 17, 2001, the separate juvenile court found that the children had been in out-of-home placement for the requisite time period under § 43-292.02(1)(a) and, contrary to the recommendation of the case plan, concluded that there

was no sufficient reason to suspend the requirement that the State file a motion to terminate the mother's parental rights with respect to the three children. The court ordered that the matter be referred to the State for that purpose. The mother perfected an appeal from this order, and we removed the case to this court's docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

The mother assigns, rephrased and reordered, that the separate juvenile court erred (1) in determining that a "compelling reason" did not exist to prevent referral of the case to the State for the filing of a motion to terminate her parental rights, (2) in referring the case to the State for the filing of a motion to terminate her parental rights in the absence of a finding that termination would be in the best interests of the children, (3) in conducting a permanency hearing less than annually from the date of the previous permanency hearing, and (4) in ordering the suspension of supervised visitation in its May 4, 2001, order.

## STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and the appellate court is required to reach a conclusion independent of the trial court's findings; however, when the evidence is in conflict, the appellate court will consider and give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over another. *In re Interest of Sabrina K.*, 262 Neb. 871, 635 N.W.2d 727 (2001); *In re Interest of Kiana T.*, 262 Neb. 60, 628 N.W.2d 242 (2001).

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Douglas Cty. Bd. of Comrs. v. Civil Serv. Comm.*, 263 Neb. 544, 641 N.W.2d 55 (2002); *Gernstein v. Lake*, 259 Neb. 479, 610 N.W.2d 714 (2000). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Henriksen v. Gleason*, 263 Neb. 840, 643 N.W.2d 652 (2002); *In re Change of Name of Davenport*, 263 Neb. 614, 641 N.W.2d 379 (2002).

## ANALYSIS

The juvenile code, as amended by L.B. 1041, operative July 1, 1998, provides at § 43-292.02:

(1) A petition shall be filed on behalf of the state to terminate the parental rights of the juvenile's parents . . . if:

(a) A juvenile has been in foster care under the responsibility of the state for fifteen or more months of the most recent twenty-two months[.]

. . . .

(3) The petition is not required to be filed on behalf of the state . . . if:

(a) The child is being cared for by a relative;

(b) The Department of Health and Human Services has documented in the case plan or permanency plan, which shall be available for court review, a compelling reason for determining that filing such a petition would not be in the best interests of the juvenile; or

(c) The family of the juvenile has not had a reasonable opportunity to avail themselves of the services deemed necessary in the case plan or permanency plan approved by the court if reasonable efforts to preserve and reunify the family are required under section 43-283.01.

Neb. Rev. Stat. § 43-292.03(1) (Reissue 1998) provides:

Within thirty days after the fifteen-month period under subsection (1) of section 43-292.02, the court shall hold a hearing on the record and shall make a determination on the record as to whether there is an exception under subsection (3) of section 43-292.02 in this particular case. If there is no exception, the state shall proceed as provided in subsection (1) of section 43-292.02.

As we noted in *In re Interest of Dewayne G. & Devon G.*, 263 Neb. 43, 54-55, 638 N.W.2d 510, 519 (2002), the purpose of L.B. 1041 was to change the emphasis of the juvenile code " 'from reunification of the family . . . to the primary criteria of the health and safety of the child,' " and to help resolve the problem of " 'children being left too long in foster care, often for many years.' " Quoting Floor Debate, L.B. 1041, 95th Leg., 2d Sess. 11548 (February 12, 1998).

The order we are asked to review in this case is one made pursuant to § 43-292.03(1). The separate juvenile court found no basis for an exception to the § 43-292.02 requirement that the State file a petition to terminate parental rights as to children who have been in foster care for the requisite period of time. We have not previously decided whether such an order is final and appealable. The State argues that it is not. In the alternative, the State argues that any appeal from such an order must be reviewed by a three-judge juvenile court review panel pursuant to Neb. Rev. Stat. §§ 43-287.01 through 43-287.06 (Reissue 1998) before it can be considered by an appellate court.

In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Dustin H. et al.*, 259 Neb. 166, 608 N.W.2d 580 (2000); *In re Interest of Alycia P.*, 258 Neb. 258, 603 N.W.2d 7 (1999). See, also, *Kansas Bankers Surety Co. v. Halford*, 263 Neb. 971, 644 N.W.2d 865 (2002); *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001); *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 617 N.W.2d 806 (2000).

A proceeding before a juvenile court is a special proceeding for appellate purposes. *In re Guardianship of Rebecca B. et al.*, 260 Neb. 922, 621 N.W.2d 289 (2000); *In re Interest of Clifford M. et al.*, 258 Neb. 800, 606 N.W.2d 743 (2000). To be final and appealable, an order in a special proceeding must affect a substantial right. *Id.* A substantial right is an essential legal right, not a mere technical right. *In re Interest of Anthony G.*, 255 Neb. 442, 586 N.W.2d 427 (1998).

In support of her argument that the order is final and appealable, the mother relies upon *In re Interest of Tabatha R.*, 255 Neb. 818, 587 N.W.2d 109 (1998). That case was decided under the juvenile code as it existed prior to the enactment of L.B. 1041 and did not involve an appeal from an order pursuant to § 43-292.03(1). In *In re Interest of Tabatha R.*, we held that an

initial dispositional order which did not include a rehabilitation plan for either parent deprived them of any opportunity for reunification with their child and thus affected a substantial right. In the present case, it is clear that the mother was given an opportunity for reunification through a case plan approved by the juvenile court which had been in effect for more than a year prior to the October 17, 2001, order referring the matter to the State for the filing of termination proceedings. *In re Interest of Tabatha R.* does not support the argument that the order before us affected a substantial right of the mother.

To determine appealability of an order of the juvenile court finding no compelling reason to further suspend the statutory obligation of the State to file a motion to terminate parental rights pursuant to § 43-292.02(1), we must consider the nature of the order and what parental rights, if any, it affected. See *In re Interest of Sarah K.*, 258 Neb. 52, 601 N.W.2d 780 (1999). We conclude that the order altered the procedural posture of this juvenile proceeding but did not adjudicate or affect any substantial right of the mother. The filing of a petition to terminate parental rights, standing alone, does not affect any parental right. If such a petition is filed in this case pursuant to the court's order, the mother will receive notice and an opportunity to be heard in accordance with statutorily prescribed procedures. See Neb. Rev. Stat. §§ 43-291 and 43-292 (Reissue 1998). If the filing of a petition for termination of parental rights ultimately results in an order adverse to the mother, it is well established that such an order is final and appealable. See, e.g., *In re Interest of DeWayne G. & Devon G.*, 263 Neb. 43, 638 N.W.2d 510 (2002); *In re Interest of Clifford M. et al., supra.* Accordingly, we conclude that the order before us does not affect a substantial right of the mother.

For these reasons, we conclude that the order entered by the separate juvenile court on October 17, 2001, pursuant to § 43-292.03(1) is not a final and appealable order, and we are therefore without jurisdiction to review it.

APPEAL DISMISSED.