IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

IN RE INTEREST OF NERY V. ET AL.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF NERY V. ET AL., CHILDREN UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLEE,
V.
IDA V., APPELLANT, AND MARIO V., APPELLEE AND CROSS-APPELLANT.

Filed April 22, 2014.    No. A-13-999.

Appeal from the County Court for Hall County: PHILIP M. MARTIN, JR., Judge. Appeal dismissed.

Janice I. Reeves, of Truell, Murray & Associates, for appellant.

Megan Alexander, Deputy Hall County Attorney, for appellee State of Nebraska.

Matthew C. Boyle, of Lauritsen, Brownell, Brostrom & Stehlik, for appellee Mario V.

Susan M. Koenig, of Mayer, Burns, Koenig & Janulewicz, guardian ad litem.

INBODY, Chief Judge, and MOORE and PIRTLE, Judges.

INBODY, Chief Judge.

INTRODUCTION

Ida V., the biological mother of Nery V., contends that the Hall County Court, sitting in its capacity as a juvenile court, erred in denying her motion to reinstate visitation. Nery's biological father, Mario V., has cross-appealed, also contending that the court erred in denying his motion to reinstate visitation. Additionally, pursuant to this court's order, the parties addressed in their briefs the issue of whether the court's denial of the motions to reinstate visitation affected a substantial right.

- 1 -

STATEMENT OF FACTS

On November 1, 2010, an adjudication petition was filed alleging, among other things, that Nery was a child within the meaning of Neb. Rev. Stat. § 43-247(3) (Reissue 2008) because he lacked proper parental care by reason of the fault or habits of his parent, guardian, or custodian and was in a situation dangerous to life or limb or injurious to his health or morals. Also on November 1, the court filed an ex parte custody order with temporary custody and placement of Nery with the Department of Health and Human Services. On December 8, the State filed the first motion to terminate Ida's and Mario's parental rights, which motion was amended several times.

Both Ida and Mario filed motions for posttermination visitation, which were overruled by the court in June 2012. The court's order overruling the motions for posttermination visitation set forth that "[v]isitation, if any, provided after an order of termination of parental rights in this case would be in the sole discretion of [the Department of Health and Human Services]." Shortly thereafter, on June 25, the court terminated Ida's and Mario's parental rights. Ida and Mario appealed from the termination order. In an opinion released on May 28, 2013, this court vacated the termination order and remanded the cause for further proceedings, because there was insufficient notice provided to the Rosebud Sioux Tribe regarding the termination proceedings. See *In re Interest of Nery V. et al.*, 20 Neb. App. 798, 832 N.W.2d 909 (2013). On July 26, the State again moved to terminate Ida's and Mario's parental rights alleging, inter alia, that the parents had substantially and continuously or repeatedly neglected and refused to give the juvenile or a sibling of the juvenile necessary parental care and protection.

On September 11, 2013, Ida moved to reinstate her visitation rights, noting that her parental rights were still intact. Mario also filed a motion to reinstate visitation. A hearing on both motions to reinstate visitation was held on September 19. Neither Ida, Mario, nor the State presented any evidence. Nery's guardian ad litem (GAL) offered two exhibits which were received by the court: exhibit 40, an affidavit by a licensed mental health practitioner, which affidavit stated that introducing visitation after the 22-month cessation would produce confusion about Nery's sense of belonging and would be counterproductive to his developmental, social, and cognitive needs; and exhibit 41, an affidavit by Nery's GAL, which affidavit stated that Nery had not seen his parents for a long time, that the State continued to pursue termination of parental rights, and that in the GAL's opinion, reinstating visitation would not be in Nery's best interests and would be disruptive to his continued development. The other parties were given 10 days to file responsive affidavits. Responsive affidavits were filed by the State, the Department of Health and Human Services, and the Rosebud Sioux Tribe, but these affidavits were not marked and received as exhibits or included in the bill of exceptions. A fourth letter was filed by the Rosebud Sioux Tribe, which letter was not an affidavit.

The county court denied Ida's and Mario's motions to reinstate on October 10, 2013. Ida has timely appealed to this court and Mario has cross-appealed, both alleging that the court erred in denying their respective motions to reinstate their visitation rights. The record reflects that following the filing of Ida's notice of appeal, the hearing on the State's second motion to terminate parental rights was scheduled for February 18, 2014.

ASSIGNMENTS OF ERROR

Ida contends that (1) the order denying her request for visitation is a final, appealable order and (2) that the court erred in denying her motion to reinstate visitation. Mario has filed a cross-appeal also contending that the court erred in denying his motion to reinstate visitation.

STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Danaisha W. et al.*, 287 Neb. 27, 840 N.W.2d 533 (2013); *In re Interest of Edward B.*, 285 Neb. 556, 827 N.W.2d 805 (2013); *In re Interest of Kendra M. et al.*, 283 Neb. 1014, 814 N.W.2d 747 (2012). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In re Interest of Danaisha W. et al., supra*; *In re Adoption of Amea R.*, 282 Neb. 751, 807 N.W.2d 736 (2011); *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011).

ANALYSIS

Pursuant to this court's request, the parties' briefs addressed the issue of whether the county court's order denying the request to reinstate visitation was a final, appealable order. Ida and Mario contend that the court's order denies visitation for a substantial length of time, affects a substantial right, and therefore constitutes a final, appealable order. Conversely, the State and the GAL contend that the court's order was a temporary order, did not affect a substantial right, and, as such, was not a final, appealable order and that this court lacks jurisdiction over this appeal.

In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Danaisha W. et al., supra*; *In re Interest of Meridian H.*, 281 Neb. 465, 798 N.W.2d 96 (2011); *In re Interest of Taylor W.*, 276 Neb. 679, 757 N.W.2d 1 (2008). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. *In re Interest of Danaisha W. et al., supra*; *Selma Development v. Great Western Bank*, 285 Neb. 37, 825 N.W.2d 215 (2013). Among the three types of final orders which may be reviewed on appeal is an order that affects a substantial right made during a special proceeding. *In re Interest of Danaisha W. et al., supra*; *Selma Development v. Great Western Bank, supra*. A proceeding before a juvenile court is a special proceeding for appellate purposes. *In re Interest of Danaisha W. et al., supra*; *In re Interest of Jamyia M., supra*.

The Nebraska Supreme Court has held that whether a substantial right of a parent has been affected by an order is dependent upon both the object of the order and the length of time over which the parent's relationship with the child may reasonably be expected to be disturbed by the order. *In re Interest of Danaisha W. et al., supra*. Orders which temporarily suspend a parent's custody and visitation rights do not affect a substantial right and are not appealable. *Id*. However, there is no bright-line rule as to when a parent's substantial rights are affected. Thus, we look to previous cases where the Nebraska Supreme Court has considered the issue. For example, in *In re Interest of Danaisha W. et al., supra*, the Nebraska Supreme Court held that an

order temporarily suspending the mother's visitation rights did not affect a substantial right because, had the appeal not been taken, resolution of the motion to terminate parental rights was scheduled within 6 weeks after entry of the visitation order. Likewise, in *In re Guardianship of Sophia M.*, 271 Neb. 133, 710 N.W.2d 312 (2006), the denial of the biological mother's request for visitation did not affect a substantial right where visitation was denied pending a final hearing in a guardianship proceeding which was scheduled for 3 weeks later. Similarly, although not setting forth the time period affected, in *In re Interest of Clifford M. et al.*, 258 Neb. 800, 606 N.W.2d 743 (2000), the Nebraska Supreme Court held that the denial of the biological mother's motion to restore visitation did not affect a substantial right as it was not permanent in nature. The court noted that although a second motion to terminate had been filed, the stated permanency goal remained reunification, the mother's reunification with her children was dependent upon her overall progress in meeting the reasonable goals of the reunification plan, and she was free to regain visitation upon a showing that such visitation was in the children's best interests.

Conversely, in a case where an initial dispositional order did not include a rehabilitation plan for the parents, combined with the length of time over which the parents' parental rights might reasonably be expected to be impacted, the Nebraska Supreme Court determined that the order deprived the parents of any opportunity for reunification with their child and affected a substantial right. *In re Interest of Tabatha R.*, 255 Neb. 818, 587 N.W.2d 109 (1998). See, also, *In re Interest of Zachary W. & Alyssa W.*, 3 Neb. App. 274, 526 N.W.2d 233 (1994) (order granting visitation to grandparents with no known time limit affected substantial right of mother).

In the instant case, Ida's and Mario's motions to reinstate visitation were denied on October 10, 2013, and the record reflects that a hearing on the motion to terminate parental rights was scheduled to begin on February 18, 2014. Thus, the court's order denying visitation was temporary because the final resolution of this case was scheduled to be determined in 4 months at the termination hearing. Further, we note that although this appeal has further delayed the final disposition in this case, we do not consider the effect that an appeal has on a case when determining if an order, when issued, affected a party's substantial right. See *In re Interest of Danaisha W. et al.*, 287 Neb. 27, 34, 840 N.W.2d 533, 538 (2013) (fact that appeal delays final disposition in case "'is unfortunate but irrelevant . . . '" in a determination of whether order, when issued, affected substantial right). See, also, *In re Guardianship of Sophia M., supra*. Because the court's order was a temporary order, it did not affect Ida's and Mario's substantial right, and thus, the order is not appealable.

Having found that we do not have jurisdiction over this appeal because the court's order was a temporary order and thus, not a final, appealable order, we do not reach the remaining assignments of error raised by Ida and Mario.

APPEAL DISMISSED.