In re Interest of Mya C. and Sunday C.,
children under 18 years of age.
State of Nebraska, appellee, v. Nyamal M., appellant.
___ N.W.2d ___

Filed June 25, 2013.    No. A-12-811.

1. **Juvenile Courts: Appeal and Error.** Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings.

2. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts.

3. **Juvenile Courts: Jurisdiction: Appeal and Error.** In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

4. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken.

5. **Final Orders: Appeal and Error.** The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.

6. **Juvenile Courts: Final Orders.** Juvenile court proceedings are special proceedings.

7. **Final Orders: Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.

8. **Juvenile Courts: Final Orders: Constitutional Law: Parental Rights.** The substantial right of a parent in juvenile proceedings is a parent's fundamental, constitutional right to raise his or her child.

9. **Juvenile Courts: Words and Phrases.** The State's right in juvenile cases is derived from its parens patriae interest in the proceedings. This means, in essence, that the State has a right to protect the welfare of its resident children.

10. **Juvenile Courts: Final Orders: Parental Rights.** Whether a substantial right of a parent has been affected by an order entered in a juvenile proceeding is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed by the order.

11. **Juvenile Courts: Final Orders: Appeal and Error.** In juvenile cases, where an order from a juvenile court is already in place and a subsequent order merely extends the time for which the previous order is applicable, the subsequent order by itself does not affect a substantial right and does not extend the time in which the original order may be appealed.

12.    ____: ____: ____. A dispositional order which merely continues a previous determination of the juvenile court is not an appealable order.

Appeal from the Separate Juvenile Court of Lancaster County: REGGIE L. RYDER, Judge. Appeal dismissed.

Matt Catlett for appellant.

Joe Kelly, Lancaster County Attorney, and Daniel J. Zieg for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

MOORE, Judge.

Nyamal M., the mother of Mya C. and Sunday C., appeals from a dispositional order entered by the separate juvenile court of Lancaster County. Nyamal challenges the provision in the order that required her to actively pursue either a diploma through the GED program or a high school diploma. We conclude that the dispositional order is not an appealable order and, therefore, dismiss the appeal for lack of jurisdiction.

## FACTUAL BACKGROUND

Nyamal is the mother of Mya, born in December 2006, and Sunday, born in January 2008. On September 24, 2010, Mya and Sunday were adjudicated to be children as described in Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008). The reason for adjudication was a lack of proper care due to the faults or habits of Nyamal. At the time of the adjudication, Nyamal was a minor and was herself a ward of the State under a separate juvenile court case.

On December 7, 2010, the juvenile court held the initial dispositional hearing. Mya and Sunday were placed in the temporary legal custody of the Department of Health and Human Services, with placement with Nyamal in the same foster home in which Nyamal was placed through her juvenile court case. The primary permanency plan was family preservation, with reunification as the alternative plan. Among the provisions of its order, issued December 10, the court required Nyamal to participate in therapy, seek part-time employment to provide financial support for her children, and cooperate with family

support services. The court also ordered that Nyamal "shall continue her education as [sic] Lincoln High School. [She] should not switch her education plans without approval from the Department of Health and Human Services." No appeal was taken from this order.

The juvenile court has held three dispositional review hearings since the initial dispositional order. For purposes of this appeal, the first two review orders, dated June 7, 2011, and December 8, 2011, contained provisions that were essentially the same as those in the original order. Those provisions included a requirement that Nyamal continue her education. In its orders, the court specified that Nyamal was required to "continue with her education at Bryan Community School." No appeals were taken from those orders.

When the matter came for review hearing on May 24, 2012, Nyamal had reached her 19th birthday. Nyamal had also recently begun attending GED classes. Because there was insufficient time to conclude the hearing that day, the hearing was continued to July 31. At the time of the continued hearing, Nyamal had obtained temporary full-time employment and decided to stop attending GED classes. Nyamal testified that she would continue her education later in life, but did not have time to pursue it as of the time of the hearing.

At the conclusion of the testimony, the court found the recommendations contained in the guardian ad litem's report to be in the children's best interests and approved those recommendations. The court also ordered Nyamal to "actively pursue a GED or a high school diploma." The court noted that this requirement was relevant to Nyamal's ability to provide for her children. The court stated that even though Nyamal had found current employment, it was important that she have a fallback plan. Following this hearing, the court issued an order on August 9, 2012, from which Nyamal now appeals.

## ASSIGNMENT OF ERROR

Nyamal assigns that the juvenile court erred when it ordered that she actively pursue either a diploma through the GED program or a high school diploma as part of its rehabilitative plan.

## STANDARD OF REVIEW

[1] Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of Diana M. et al.*, 20 Neb. App. 472, 825 N.W.2d 811 (2013).

[2] When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *In re Interest of Sarah K.*, 258 Neb. 52, 601 N.W.2d 780 (1999).

## ANALYSIS

[3,4] In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Diana M. et al., supra*. For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken. *Id.*

[5,6] The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *In re Interest of Karlie D.*, 283 Neb. 581, 811 N.W.2d 214 (2012). It has long been held that juvenile court proceedings are special proceedings. *Id.* Therefore, we must determine whether the juvenile court's order affected one of Nyamal's substantial rights.

[7-10] A substantial right is an essential legal right, not a mere technical right. *In re Interest of Sarah K., supra*. The substantial right of a parent in juvenile proceedings is a parent's fundamental, constitutional right to raise his or her child. *In re Interest of Karlie D., supra*. The State's right in juvenile cases is derived from its parens patriae interest in the proceedings. This means, in essence, that the State has a right to protect the welfare of its resident children. *Id.* The Nebraska Supreme Court has made it clear that the question of whether

a substantial right of a parent has been affected by an order entered in a juvenile proceeding is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed by the order. See, *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), *disapproved on other grounds*, *O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998); *In re Interest of Tayla R.*, 17 Neb. App. 595, 767 N.W.2d 127 (2009).

[11,12] Nevertheless, in juvenile cases, where an order from a juvenile court is already in place and a subsequent order merely extends the time for which the previous order is applicable, the subsequent order by itself does not affect a substantial right and does not extend the time in which the original order may be appealed. *In re Interest of Tayla R., supra*. In other words, a dispositional order which merely continues a previous determination of the juvenile court is not an appealable order. See *In re Interest of Diana M. et al., supra*.

Nyamal argues that the provision of the latest dispositional order requiring her to obtain her GED diploma or high school diploma affects a substantial right. She urges us to find that the rule stated above regarding continuing orders should not apply in this case. First, she argues that there is a clear intervening circumstance in this case that breaks the chain of continuity between the dispositional orders. Nyamal reached her 19th birthday on December 17, 2011, with the result that the juvenile court's jurisdiction in her own docketed case had ended. She argues that "'aging out'" of the system after the December 8, 2011, order and before the August 9, 2012, order breaks the chain of continuity between the orders. Reply brief for appellant at 2. She contends such a break should allow her to appeal from the August 9 order. In addition, Nyamal argues that the December 8, 2011, and August 9, 2012, orders are not the same. She contends that an order to "continue with her education at Bryan Community School" is different from being required to "actively pursue a GED or a high school diploma."

We decline Nyamal's suggestion that we carve out an exception in this case to the rule prohibiting appeals from orders

which are a continuation of previous determinations of the court. The juvenile court has ordered Nyamal to continue with her education in all of its dispositional orders. Nyamal argues that because she is now an adult, the education provision is not reasonable or material to the court's jurisdictional basis over her children and has no relationship to the goal of reunifying her with her children. See *In re Interest of T.T.*, 18 Neb. App. 176, 779 N.W.2d 602 (2009) (plan for rehabilitation to correct underlying conditions leading to adjudication must be reasonably related to objective of reunifying parent with children). However, Nyamal was not prohibited from making this argument in connection with the previous orders prior to her 19th birthday. Although Nyamal's circumstances have arguably changed since the original dispositional order, the education provisions have continued and we find no justification or authority for creating an exception to the jurisdictional prohibition.

Additionally, while the subsequent orders changed the location or method of obtaining such education, the orders are essentially the same; that is to say, Nyamal was required to work toward the equivalent of a high school education. When a subsequent order merely repeats the essential terms of a prior order, the order is not appealable. See *In re Interest of Tayla R.*, 17 Neb. App. 595, 767 N.W.2d 127 (2009). We conclude that the August 9, 2012, order is merely a continuation of the original December 10, 2010, dispositional order. Therefore, any appeal to the court's education requirement should have been made within the applicable period after the December 10 order. The current appeal is an impermissible collateral attack on a prior judgment.

## CONCLUSION

The juvenile court order requiring Nyamal to actively pursue either a diploma through the GED program or a high school diploma was a continuation of the prior orders. Therefore, it is not an appealable order. This appeal must be dismissed for lack of jurisdiction.

APPEAL DISMISSED.