IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

IN RE INTEREST OF ETHAN M.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF ETHAN M., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,
V.
THERESA S., APPELLEE, AND DANIEL M., APPELLANT.

Filed August 6, 2013.    No. A-13-058.

Appeal from the Separate Juvenile Court of Lancaster County: TONI G. THORSON, Judge.
Appeal dismissed.

Joy Shiffermiller, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Ashley Bohnet, Deputy Lancaster County Attorney, for appellee State of Nebraska.

David P. Thompson, of Thompson Law, P.C., L.L.O., for appellee Theresa S.

MOORE and PIRTLE, Judges, and MULLEN, District Judge, Retired.

MOORE, Judge.

INTRODUCTION

Daniel M. appeals from the order of the separate juvenile court of Lancaster County that denied his motion to change placement and his motion for visitation. We find that the order denying the motion for placement merely extends the time for which the previous order is applicable and that the order denying Daniel's motion for visitation does not affect a substantial right. Further, we find that there is not a change in the essential terms of the permanency plan with respect to family preservation and that the order appealed from does not eliminate the possibility of reunification. As such, the order appealed from is not a final, appealable order, and the appeal must be dismissed for lack of jurisdiction.

BACKGROUND

This case has appeared before this court six times in recent years, resulting in three prior published opinions. In the third published opinion, *In re Interest of Ethan M.*, 19 Neb. App. 259, 809 N.W.2d 804 (2011) (*Ethan M. III)*, this court recounted the prior history, including the results of the first two published opinions:

Ethan M., born in January 2000, is the child of Daniel and Theresa S. Following the dissolution of Daniel and Theresa's marriage in 2002, a California court awarded Daniel custody of Ethan. In January 2005, DHHS removed Ethan from Daniel's home in Nebraska and placed him into foster care. The county court for Sherman County, Nebraska, subsequently adjudicated Ethan as a result of allegations that other children residing within the home had suffered injuries. In January 2006, the court approved an immediate change of Ethan's placement from the home of his paternal grandparents to the home of Theresa in California. Daniel appealed, and in *In re Interest of Ethan M.*, 15 Neb. App. 148, 723 N.W.2d 363 (2006), we found that the State must make reasonable efforts to reunify Ethan and Daniel. We recognized that under the California divorce decree, Daniel was Ethan's custodial parent. We concluded that Ethan should not be placed in California with Theresa and that he should be placed in a situation in Nebraska that was conducive to reunification with Daniel. We observed that Daniel had complied with all tasks required by the case plan.

DHHS did not return Ethan's custody to Daniel. Rather, Ethan's physical custody remained with Theresa, who moved to Nebraska. In June 2007, Daniel began having weekly supervised visitation with Ethan. But in August, the visitation was changed to therapeutic visitation supervised by a mental health professional. In September, visitation ceased due to the unavailability of a mental health professional to supervise the visitation. DHHS arranged for telephone calls between Ethan and Daniel on Tuesdays and Thursdays, but Ethan often ended the calls quickly or refused to speak. In February 2009, the county court for Sherman County adopted DHHS' case plan which continued telephonic visitation only, found that reasonable efforts to reunify Ethan and Daniel were not necessary, placed custody of Ethan with Theresa, and dismissed the juvenile case. Upon Daniel's appeal, we found plain error in the court's order. In *In re Interest of Ethan M.*, 18 Neb. App. 63, 72, 774 N.W.2d 766, 773 (2009), we held that "where the only issue placed in front of the county court is whether a case plan is in the child's best interests, permanent child custody cannot be modified merely through the adoption of the case plan." We stated, however, that "a case plan could be used to place a child with a noncustodial parent as a dispositional order under the continuing supervision of the juvenile court." *Id.* We reversed the county court's order and remanded the cause for further proceedings.

19 Neb. App. at 260-61, 809 N.W.2d at 806-07.

Following a series of review hearings in 2010, the juvenile court entered an order of review which approved a DHHS case plan. The case plan contained no rehabilitative goals or tasks for Daniel. The court found that Ethan's legal custody should continue with DHHS and his physical custody should remain with Theresa S. The court found that reasonable efforts had been

made to prevent or eliminate the need for removing Ethan from his home and that the primary permanency plan was family preservation with an alternative plan of reunification. Daniel appealed, and in *Ethan M. III*, we observed that DHHS' position, adopted by the juvenile court, essentially attempted to redefine Ethan's "home" as Theresa's, even though he had been removed from Daniel's home. We noted our decisions in *In re Interest of Ethan M.*, 15 Neb. App. 148, 723 N.W.2d 363 (2006) (*Ethan M. I*), and *In re Interest of Ethan M.*, 18 Neb. App. 63, 774 N.W.2d 766 (2009) (*Ethan M. II*), and concluded that there was not a valid order from a court of competent jurisdiction that excused reasonable efforts to preserve and reunify the family. We observed that unlike the prior appealed orders, the order at issue in *Ethan M. III* did not find that reasonable efforts were excused; but, rather, it found that reasonable efforts were made to prevent or eliminate the need for removing Ethan from Theresa's home. We concluded that DHHS did not end its responsibility in this case by placing Ethan's physical custody with Theresa. While the juvenile court adopted a case plan that included an alternative plan of reunification, there were no services or goals in place for Daniel to work toward reunification. We found that a case plan that had no goals or services for Daniel did not correct, eliminate, or ameliorate the situation that led to Ethan's adjudication and removal from Daniel's home. The plan did nothing to help Daniel be reunited with Ethan. This court concluded that "DHHS should immediately obtain updated assessments of Daniel and Ethan and devise rehabilitative goals to facilitate a future reunification between them . . . ." *Id.* at 270-71, 809 N.W.2d at 813.

Following issuance of our opinion in *Ethan M. III*, but prior to judgment on the mandate, Daniel filed a motion on October 21, 2011, asking the juvenile court to order the parties to submit to updated psychological testing by Dr. John Meidlinger. On December 8, the juvenile court entered judgment on our mandate and scheduled a hearing to review disposition and a hearing on Daniel's motions for December 22. On December 16, DHHS filed a motion for further psychological evaluation of Ethan by Dr. James Mathisen.

The December 2011 hearing was continued to March 2012, and on March 12, the juvenile court entered an order of review, granting a stipulation of the parties to have assessments of Daniel and Ethan performed by Mathisen. The court ordered that Ethan's legal custody remain with DHHS and that his physical custody remain with Theresa. The court ordered Daniel and Ethan to participate in evaluations to assess Ethan's best interests and the possibility of reunification. The court ordered DHHS to devise rehabilitative goals to facilitate a future reunification, bearing in mind Ethan's best interests. The March 12 order was silent with respect to Daniel's visitation, and Daniel had not yet moved to have visitation.

The next review hearing was set for May 10, 2012, but it was continued until June 29. Prior to the rescheduled hearing, Daniel filed the three motions which are at issue in this appeal. First, he filed a motion to change placement, seeking placement with Ethan's paternal grandparents or a neutral foster home close to Loup City, Nebraska, so that a successful reunification process could occur. Daniel alleged that it was clear from the most recent evaluation that Theresa could not protect Ethan and that reunification would never occur as long as Ethan was living in Lincoln, Nebraska. Next, Daniel filed a motion, asking the court to order Ethan to discontinue seeing his current therapist and seek a new one, "who is properly credentialed and who will deal with the issues presented and the best interests of the child." Finally, Daniel filed a motion requesting visitation with Ethan to begin immediately.

The hearing previously set for June 29, 2012, and the hearing on these three motions filed by Daniel was continued until September 27.

The juvenile court did not enter an order from the September 2012 hearing until December 26. In the December 26 order, the court found that custody should remain with DHHS for appropriate care and placement; that Ethan's needs for safety, health, and well-being were being met; that all services being provided were in compliance with the case plan; and that reasonable efforts had been made to prevent or eliminate the need for removing "the child from the child's home." The court found that the permanency plan of family preservation with Theresa was being achieved by March 19, 2013; it reserved ruling on the concurrent plan pending further evidence from the new therapist. The court granted the motion to change Ethan's therapist. The court denied the motions to change placement and for visitation. The court stated that there was no evidence to support beginning visitation between Daniel and Ethan immediately and that there was evidence that beginning visitation would be harmful to Ethan. The court noted the most recent evaluation of Ethan in which the evaluator stated that Ethan did not currently desire a relationship with Daniel and was anxious and fearful of him. The court found that it was not in Ethan's best interests to force visitation but that he and his therapist could work on coping skills and medications to help him work on having supervised visitation. The court found that Daniel could renew his motion after therapy with a new therapist had begun. The court set the next review hearing for March 29.

Daniel appealed from the juvenile court's December 2012 order.

## ASSIGNMENTS OF ERROR

Daniel asserts that the juvenile court erred in (1) ordering that Daniel not have visitation given the evaluator's opinion that there was no clear evidence that Daniel posed a risk to Ethan, (2) failing to change placement given the evaluator's opinion that Ethan has had negative influence from Theresa, and (3) adopting the permanency plan of family preservation with Theresa and in failing to adopt a plan of reunification.

## STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of Karlie D.*, 283 Neb. 581, 811 N.W.2d 214 (2012). However, when the evidence is in conflict, an appellate court may consider and give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over the other. *Id.*

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *In re Interest of Sarah K.*, 258 Neb. 52, 601 N.W.2d 780 (1999). In juvenile cases, as elsewhere, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Karlie D., supra.*

ANALYSIS

*Jurisdiction.*

We must first address whether we have jurisdiction in this case. After setting forth relevant principles to guide our jurisdictional analysis, we then consider whether we have jurisdiction in connection with each of Daniel's assigned errors.

For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken. *In re Interest of Mya C. & Sunday C.*, 20 Neb. App. 916, ___ N.W.2d ___ (2013). Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *In re Interest of Karlie D., supra.* Juvenile court proceedings are special proceedings. *In re Interest of Mya C. & Sunday C., supra.* Accordingly, we must determine whether the juvenile court's December 2012 order affected one of Daniel's substantial rights.

A substantial right is an essential legal right, not a mere technical right. *In re Interest of Karlie D., supra.* The substantial right of a parent in juvenile proceedings is a parent's fundamental, constitutional right to raise his or her child. *Id.* The State's right in juvenile cases is derived from its parens patriae interest in the proceedings. *Id.* This means, in essence, that the State has a right to protect the welfare of its resident children. *Id.* Whether a substantial right of a parent has been affected by an order entered in a juvenile proceeding is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed by the order. See, *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), *disapproved on other grounds, O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998); *In re Interest of Mya C. & Sunday C., supra.*

In juvenile cases, where an order from a juvenile court is already in place and a subsequent order merely extends the time for which the previous order is applicable, the subsequent order by itself does not affect a substantial right and does not extend the time in which the original order may be appealed. *In re Interest of Mya C. & Sunday C., supra.* A dispositional order which merely continues a previous determination of the juvenile court is not an appealable order. *Id.*

*Motion for Visitation.*

Daniel first asserts that the juvenile court erred in ordering that he not have visitation given the evaluator's opinion that there was no clear evidence that he posed a risk to Ethan. We do not have jurisdiction to consider this assignment of error.

The December 26, 2012, order is the first order since the issuance of the mandate following *Ethan M. III*, which affirmatively addresses Daniel's visitation and is the only order addressing a specific motion by Daniel for visitation. As such, it does not merely extend the time for which the previous order is applicable. However, we must still consider whether the order affects a substantial right of Daniel, since the order provides that Daniel may renew his motion for visitation after therapy with the new therapist (requested by Daniel and approved by the court) has begun.

The Nebraska Supreme Court has addressed whether orders denying visitation affect a substantial right on at least two prior occasions. In *In re Interest of Clifford M. et al.*, 258 Neb. 800, 606 N.W.2d 743 (2000), the court observed that Nebraska jurisprudence allows for recognition that a no contact or a no visitation order can significantly impact parental rights and that a no visitation order can affect substantial rights. But it found that the order denying visitation in the context of that case did not affect a substantial right and was not a final order for purposes of appeal where the order denying visitation did not purport to terminate the mother's visitation and she remained free to regain visitation upon a showing that visitation was in the best interests of her children. See, also, *In re Guardianship of Sophia M.*, 271 Neb. 133, 710 N.W.2d 312 (2006) (holding order denying visitation was not final where order denied visitation pending final guardianship hearing scheduled to occur approximately 3 weeks later).

In this case, the record shows that Daniel has not had face-to-face visitation with Ethan since September 2007 and has not had telephone contact since 2009. Prior therapists and caseworkers have not recommended visitation due to the alleged trauma that it caused Ethan and because Ethan has strongly resisted any contact with Daniel. In the December 2012 order, the juvenile court summarizes the most recent evaluation as indicating that Ethan does not desire a relationship with Daniel and is fearful of him. The court reserved ruling on DHHS' concurrent plan of reunification with Daniel pending an evaluation from the new therapist.

The order did not purport to terminate Daniel's visitation. Daniel is free to renew his motion after therapy with the new therapist has begun. In the context of this case, the order denying Daniel's motion for visitation did not affect a substantial right and was thus not a final order for purposes of appeal.

*Motion to Change Placement.*

Daniel next asserts that the juvenile court erred in failing to change placement given the evaluator's opinion that Ethan has had negative influence from Theresa. We do not have jurisdiction to consider this assignment of error.

The December 26, 2012, order continued Ethan's placement with Theresa. It was not the original order placing Ethan with Theresa. The court initially placed Ethan with Theresa in January 2006. The December 26, 2012, order merely repeats the essential terms with respect to placement of the March 12 order, and multiple prior orders, and is not appealable. Daniel's appeal of the denial of his motion to change placement is an impermissible collateral attack on a prior judgment.

*Change in Permanency Plan.*

Finally, Daniel asserts that the juvenile court erred in adopting the permanency plan of family preservation with Theresa and in failing to adopt a plan of reunification. He argues that we have jurisdiction to consider this assignment of error because the December 2012 order changed the permanency plan. There are several Nebraska cases addressing the question of jurisdiction in the context of changes in permanency plans.

In *In re Interest of Sarah K.*, 258 Neb. 52, 601 N.W.2d 780 (1999), the Nebraska Supreme Court considered two orders, the first of which approved a case plan providing for long-term foster care for the child, supervised visitation by the parents, and a goal of reunification. The second order adopted a permanency plan of long-term foster care transitioning

to independent living, with the possibility of reunification. On appeal, the Supreme Court found that the terms of the second order merely repeated the essential terms of the first order, that there was nothing inconsistent between the two plans, and that the second order did not disadvantage the parents or change or affect their substantial rights. The court further stated that the second order "effects no change in the parents' status or the plan to which the parents and [the child] were previously subject." *Id.* at 59, 601 N.W.2d at 785. Accordingly, the court found that the order was not appealable and dismissed the appeal for lack of jurisdiction.

In *In re Interest of Tayla R.*, 17 Neb. App. 595, 767 N.W.2d 127 (2009), the mother appealed from an order which changed the permanency plan goal from reunification to adoption. In considering whether this provision affected a substantial right of the mother, this court determined that a pertinent inquiry was whether there was still a plan allowing the mother to rehabilitate herself or take steps to reunite with the children. We determined that the order at issue in that case implicitly provided the mother with an opportunity for reunification by complying with the terms of the rehabilitation plan, which terms had not changed from the previous order. Accordingly, we concluded that the order did not affect a substantial right and dismissed for lack of a final, appealable order.

Most recently, in *In re Interest of Diana M. et al.*, 20 Neb. App. 472, 825 N.W.2d 811 (2013), this court considered a case where the juvenile court modified the permanency plan from reunification to guardianship/adoption with no further efforts provided to bring about reunification. We found that this modification of the permanency plan coupled with the order to cease all reasonable efforts at reunification clearly affected the mother's right to reunification with the children. Because the order affected a substantial right, we found that it was a final, appealable order and proceeded to consider the mother's assigned error and arguments with respect to the change in permanency objective.

In this case, Daniel argues that because the juvenile court's December 2012 order (1) shifted the permanency plan to family preservation with Theresa and (2) took away the plan for reunification, it affects a substantial right of Daniel's and is appealable. The court's March 2012 order provided, "The primary permanency plan of Family Preservation is being achieved by June 3, 2012. While [D]HHS is working on this plan, it will be working concurrently on ways to provide permanency through an alternative plan. At this time the alternative plan is reunification." The December 2012 order provided, "The permanency plan of Family Preservation with the mother is being achieved by March 19, 2013. The Court reserves ruling on the concurrent plan pending further hearing and evidence from the new therapist."

We disagree that the juvenile court's December 2012 order shifted the permanency plan to family preservation with Theresa. A review of the case plans and court reports received into evidence in connection with both the March and December orders shows that DHHS has consistently recommended a primary permanency plan of family preservation with Theresa. Ethan has been placed with Theresa since 2006. The record shows that Theresa has been working toward obtaining a custody order for Ethan in the district court. In other words, we see no "shift" between the case plans and court reports considered by the court in connection with the March order and those considered by the court in connection with the December order. Although the juvenile court included the words "with the mother" in connection with the family preservation

portion of the permanency plan in the December order, we find no inconsistency and a mere repetition of essential terms of the two orders with respect to family preservation.

We also disagree with Daniel's argument that the December 2012 order took away the plan for reunification. Unlike the order in *In re Interest of Diana M. et al.*, 20 Neb. App. 472, 825 N.W.2d 811 (2013), the order in this case does not eliminate all efforts at reunification. The juvenile court merely reserved ruling on the concurrent plan pending further hearing and evidence from the new therapist, which therapist was to work with Ethan to help him work on having supervised visitation with Daniel. The December 2012 order allows for the possibility of the adoption of a reunification plan upon further evidence. In the context of this case, we conclude that the order did not affect a substantial right.

Although we must dismiss this appeal for lack of jurisdiction, we nonetheless express our concern regarding the lack of progress in this case since the entry of our opinion in *Ethan M. III* in which we ordered that DHHS immediately obtain updated assessments of Daniel and Ethan and devise rehabilitative goals to facilitate a future reunification between them, bearing in mind Ethan's best interests. While the updated assessments have been obtained, there are still not rehabilitative goals in place to facilitate a future reunification between Daniel and Ethan. There have been delays in obtaining the assessments, in scheduling hearings, and in issuing orders. And, while there may very well be issues not fully revealed in our six reviews of this case that will ultimately preclude such reunification, Daniel should be given the opportunity to work toward the possibility of reunification, which he has been denied repeatedly. Accordingly, we urge the court to immediately address reunification and rehabilitative goals, bearing in mind again Ethan's best interests.

## CONCLUSION

Because the denial of Daniel's motion for visitation does not affect a substantial right and the order denying the motion for placement merely extends the time for which the previous order is applicable, the order appealed from is not a final, appealable order. Further, there are not such changes in the permanency plans between the two orders as to create a final, appealable order. The appeal must be dismissed for lack of jurisdiction for the reasons stated above.

APPEAL DISMISSED.